IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | No.   22 cr 536 |
| v. | ) | |
| | ) | Judge Matthew Kennelly |
| **Peter Savely** | ) | |

**Agreed Motion for Reduced Sentence under 18 U.S.C. § 3582(c)(2)
and United States Sentencing Guideline Amendment 821**

Defendant Peter Savely moves this Court, pursuant to 18 U.S.C. § 3582(c)(2); § 1B1.10 of the U.S. Sentencing Guidelines; and Guidelines Amendment 821 Part B Subpart 1 (Zero-Point Offenders), for an order reducing his term of imprisonment from 51 months to 41 months. The government, through Assistant United States Attorney Elly Peirson, agrees that Mr. Savely's sentence should be reduced to 41 months. The parties agree that all other aspects of the original judgment should remain in place.

I. Background

On February 16, 2023, Judge Guzman sentenced Mr. Savely to a 51 month term of imprisonment for an offense involving bank fraud. Dkt. 26. Per the Bureau of Prisons website, Mr. Savely's projected release date is October 1, 2025. Mr. Savely was sentenced to the low end of the applicable Guideline range after pleading guilty at his arraignment to the criminal information filed by the government.  Dkt. 6.

II. Relevant Guideline Amendment

Title 18 U.S.C. § 3582(c)(2) grants this Court jurisdiction to reduce the term of a previously imposed sentence of incarceration for certain qualifying defendants:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant,…the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

18 U.S.C § 3582(c)(2).

On April 27, 2023, the U.S. Sentencing Commission approved modifications to the criminal history calculation which may result in lowering the applicable guideline ranges for offenders. *See* U.S.S.G. App'x C, Amdt. 821. After further study, on August 24, 2023, the Commission determined that two parts of Amendment 821 shall apply retroactively: Part A ("Status Points under § 4A1.1") and Part B, Subpart 1 ("Zero-Point Offenders"). *See* U.S.S.G. App'x C, Amdt. 825. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *Id.*

In Part B Subpart 1 to Amendment 821, the Sentencing Commission changed the offense level calculation for certain individuals who have no criminal history. The Commission created the new Guideline § 4C1.1, which provides for a two-level decrease to the offense level for individuals who do not receive any criminal history points under § 4A1.1, subject to certain disqualifying criteria. The new provision states:

**§ 4C1.1. Adjustment for Certain Zero-Point Offenders**

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by **2** levels.

U.S.S.G. § 4C1.1 (Nov. 1, 2023).

### III. Application to Mr. Savely

The Guidelines direct that a court considering whether and to what extent to reduce a defendant's term of imprisonment, "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines…had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

At Mr. Savely's sentencing hearing, the Court calculated a total offense level of 24 and a Criminal History Category I, because Mr. Savely had zero criminal history points. Dkt.

15. (PSR). The Court determined Mr. Savely's guideline range was 51-63 months' imprisonment. The Court imposed a sentence of 51 months.

Because Mr. Savely received no criminal history points and none of the disqualifying criteria in § 4C1.1 apply to him, he should receive the two-point reduction for zero-point offenders. His new total offense level of 22 results in a reduced guideline range of 41-51 months' imprisonment, and therefore Mr. Savely is eligible for a reduction in sentence.

If the Court imposes a sentence at the low end of the new advisory guidelines range, that will result in a sentence of 41 months' imprisonment.

According to the BOP website, Mr. Savely's current release date is 10/1/2025. Based on this current release date, which accounts for good time credits, a reduction of 10 months would result in a new release date in or around late December 2024.

**Wherefore**, for the foregoing reasons, Peter Savely respectfully requests this Court reduce his term of imprisonment from 51 months to 41 months. All other aspects of the original sentence should remain unchanged. The government agrees the requested reduction is appropriate.

Dated: April 6, 2024

Respectfully Submitted,

*/s/ Andrew C. Porter*
Andrew C. Porter
Salvatore, Prescott, Porter & Porter
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
aporter@spplaw.com

*Attorneys for Defendant Peter Savely*

## CERTIFICATE OF SERVICE

I certify that on April 6, 2024, I caused copies of the foregoing to be served on all counsel of record by filing electronic copies with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

/s/ Andrew Porter